**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CEH ENERGY, LLC,** *et al.*                                                                          **PLAINTIFFS**

**V.**                                                          **CIVIL ACTION NO. 2:15-CV-154-KS-MTP**

**INTREPID DRILLING, LLC,** *et al.*                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction [39] and Motion to Dismiss for Failure to State a Claim [41] filed by Defendants Stephen Hanemann ("Hanemann") and Kean Miller LLP ("Kean Miller"), and the Motion to Dismiss [43] filed by Defendants Intrepid Drilling, LLC ("Intrepid"), and William E. Simmons, III ("Simmons").  After considering the submissions of the parties, the record, and the applicable law, the Court finds that Intrepid and Simmons' Motion to Dismiss [43] should be granted in part and denied in part.  The Court further finds that a ruling on Hanemann and Kean Miller's motions [39][41] should be deferred pending parties' responses to this order.

### I.  BACKGROUND

This action stems from the purchase of two non-operating working interests, the Williams Well and the Lake Boerf Prospect, that Plaintiffs CEH Energy, LLC ("CEH"), and Shenzhen Careall Investment Holdings Group Co., Ltd. ("Careall") (collectively "Plaintiffs") bought from Intrepid. Simmons, a Mississippi resident, is the founder, manager, and owner of Intrepid, a Mississippi limited liability company.  Hanemann is a Louisiana resident, and Kean Miller is a Louisiana limited liability partnership.  Careall is a Chinese investment company, and CEH is its American subsidiary and a Delaware limited liability company.

Plaintiffs contend that the non-operating working interests in the Williams Well and the Lake Boeuf Prospect were securities and therefore subject to the Securities Exchange Act. They claim that Defendants purposefully withheld the following facts from them in violation of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, as promulgated thereunder:

a.   an Outstanding $205 Million RICO Judgment against Intrepid;

b.   Intrepid and Simmons' litigation history, including a then-pending investor fraud suit;

c.   other judgments against Simmons;

d.   Intrepid's poor well history; and,

e.   Financial statements and other reports.

(Amended Complaint [33] at p. 39 ¶ 206.)

Plaintiffs invested a total of $1,171,482.74 in the Williams Well, and $929,431 in the Lake Beouf Prospect. The Williams Well failed, and the Lake Boeuf Prospect was never drilled.

Before signing the purchase agreement, Plaintiffs hired Hanemann, a lawyer at Kean Miller, to protect their interests. They hired Hanemann on the recommendation of Intrepid and Simmons, who, unbeknownst to Plaintiffs, were clients of Hanemann and Kean Miller. Plaintiffs claim that this conflict of interest was never disclosed to them.

In addition to their claim under 10b-5, Plaintiffs also bring claims of control liability under § 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a); failure to register in violation of §§ 5(a) and (c) of the Securities Exchange Act, 15 U.S.C. §§ 77e(a) and (c); violations of the Mississippi Securities Act, Miss. Code Ann. §§ 75-71-102(28), 509(b), and 509(g); breach of fiduciary duty; fraud under common law and Mississippi law; conspiracy; conversion; professional negligence

2

against Hanemann and Kean Miller; and negligent misrepresentation.

## II.  DISCUSSION

### A.      Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).  "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (punctuation omitted).  The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.*  But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Id.*  Likewise, "a formulaic recitation of the elements of a cause of action will not do."  *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . .  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Therefore, Plaintiff's allegations must identify the "time, place, and contents of the false representations, as well as the identify of the person making the misrepresentation, and what that person obtained thereby."  *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015).

"Securities fraud claims brought by private litigants are also subject to the pleading requirements imposed by the Private Securities Litigation Reform Act ("PSLRA"), " which "requires

3

a plaintiff to identify each allegedly misleading statement with particularity and explain why it is misleading.  At a minimum, the PSLRA pleading standard incorporates the 'who, what, when, where, and how' requirements of 9(b)." *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349-50 (5th Cir. 2002)).  Likewise, "the PSLRA requires the plaintiffs to distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 365 (5th Cir. 2004).  Therefore, the Court does "not construe allegations . . . against the 'defendants' as a group as properly imputable to any particular defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded." *Owens*, 789 F.3d at 537.

### B.      Intrepid and Simmons' Motion to Dismiss [43]

Intrepid and Simmons claim that Plaintiffs have failed to state a claim upon which relief can be granted with regards to the following claims:  the 10b-5 claim, the § 20(a) control liability claim, the failure to register claim, the Mississippi Securities Act claim, the control liability claim under the Mississippi Securities Act, breach of fiduciary duty claim, the fraud claims, the conspiracy claim, the conversion claim, and the negligent misrepresentation claim.  Plaintiffs address only the 10b- claim, the § 20(a) control liability claim, the breach of fiduciary duty claim, and the conversion claim in their response.  Intrepid and Simmons consequently argue that Plaintiffs have conceded to those arguments and that their motion to dismiss with respect to the remaining claims should be granted.  The Fifth Circuit views such automatic grants with disfavor and requires a ruling on the merits for dispositive motions. *See Webb v. Morella*, 457 F.App'x 448, 452 n.4 (5th Cir. 2012).  As such, the Court must independently review the merits of each of Intrepid and Simmons' arguments, regardless of whether Plaintiffs addressed them in their response.

### 1.      10b-5 Claim

A private right of action under 10b-5 has six elements:  (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase and sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the economic loss.  *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 681 (5th Cir. 2015); *see also Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).  Intrepid and Simmons make multiple arguments as to why this claim must fail. As the Court ultimately finds that Plaintiffs have failed to adequately plead loss causation as to this claim, only this argument is addressed.

Intrepid and Simmons contend that Plaintiffs have shown no loss causation between the alleged omissions and their economic loss.  It is not enough for the omissions to be the but-for causation of Plaintiffs' loss; they must also be the proximate causation under *Dura Pharmaceuticals v. Broudo.  See* 544 U.S. at 346, 125 S. Ct. 1627 (holding the law requires a plaintiff to prove the defendant's misrepresentation or omission "proximately caused the plaintiff's economic loss").  At the pleading stage, to establish loss causation, Plaintiffs must allege "a facially 'plausible' causal relationship between the . . . omissions and plaintiff's economic loss, including allegations of a[n] . . . omission, followed by the leaking out of relevant or related truth about the fraud that caused a significant part of the depreciation of the stock and plaintiff's economic loss."  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009) (citing *Dura*, 544 U.S. at 342, 125 S. Ct. 1627).  At no point do Plaintiffs plead or attempt to argue that any omission of fact made at the time of purchase caused their economic loss.  Plaintiffs argue only that they would not have invested but-for these omissions and that there were no intervening factors to their loss.

In their response, Plaintiffs rely heavily on the decision in *Bailey v. Buck*, 543 F.App'x 440 (5th Cir. 2013) (per curiam).  In Plaintiffs' interpretation of this case, "[t]he 5th Circuit found it

sufficient for the Plaintiffs to claim that, had they known of the concealed material judgment and material litigation, they would not have invested and thus suffered harm." (Memo. in Response [52] at p. 13.) The allegations against the defendants in *Bailey*, however, also included that they "failed to reveal that they previously had entered into an agreement that effectively prohibited defendants from selling those interests." *Bailey*, 543 F.App'x at 440. The loss alleged by the plaintiffs in *Bailey* was due to the fraudulent transfer of the assets of the oil and gas ventures at issue. (Buck Opinion [51-1] at 1.) The omitted fact that another party had an interest in the ventures was a proximate cause of this loss.

Here, Plaintiffs' investment was lost because of a major well event in the Williams Well, which caused it to fail.[1] (Amended Complaint [33] at p. 20 ¶ 119.) There is no allegation that the omissions made by Intrepid and Simmons caused the investment in the wells to be unprofitable, and no allegation that the omitted facts were the cause of the loss. The Court must therefore find that Plaintiffs have not met their burden in establishing loss causation.

Because they have not met this burden, Intrepid and Simmons' Motion to Dismiss [43] will be **granted** as to Plaintiffs' 10b-5 claim against them, and it will be **dismissed with prejudice**.

### 2.    § 20(a) Control Liability Claim

Liability under § 20(a) of the Security Exchange Act, 15 U.S.C. § 78t, "is secondary only and cannot exist in the absence of a primary violation." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1021 n.8 (5th Cir. 1996)). Because the 10b-5 claim, the primary violation, has been

---

[1]Plaintiffs refer to this event as the "alleged major well event," leading the Court to believe they dispute it occurred. However, they claim that the well was reported as a failure by Intrepid and Simmons, and this is the only cause of that failure referenced in any of the submissions before the Court. (*See* Memo. in Response [52] at p. 5.)

dismissed, this claim must also be **dismissed with prejudice**.  Intrepid and Simmons' motion will therefore be **granted** with respect to this claim.

### 3.        Failure to Register Claim

"Section 12(1) of the 1933 Act, 15 U.S.C. § 77l(1) provides a kind of strict liability upon a seller of securities for failure to register securities subject to the 1933 Act's registration requirements before selling them." *Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 503 (5th Cir. 1990) (citations omitted).  In order to properly plead this type of violation, Plaintiffs must allege enough facts to establish:  "1) an offer or sale of a security; 2) the security was not registered pursuant to Section 5 of the 1933 Act, 15 U.S.C. § 77e, and 3) the sellers used the United States mail or facilities of interstate commerce in connection with the offer or sale." *Id.* (citations omitted).  Once Plaintiffs' prima facie case is established, the burden shifts to Intrepid and Simmons to show that they are exempt from the registration requirements.  *Sec. & Exch. Comm'n v. Cont'l Tobacco Co. of S.C.*, 463 F.2d 137, 156 (5th Cir. 1972).

Intrepid and Simmons do not argue that Plaintiffs have failed to establish their prima facie case.  They also do not contend that they are entitled to an exemption from the registration requirement.[2]  The only arguments made by Intrepid and Simmons go towards Plaintiffs knowledge that the securities were not registered, which is not relevant to whether this claim has merit. Therefore, Intrepid and Simmons' Motion to Dismiss [43] will be **denied** with respect to Plaintiffs' failure to register claim.

### 4.        Mississippi Securities Act Claims

---

[2]The language quoted from the Subscription Agreement [43-5] does mention that they are relying on an exemption from the registration requirement in not registering it, but Intrepid and Simmons do not claim the exemption in their motion, nor do they establish that they are entitled to it.

When analyzing claims under the Mississippi Securities Act, Mississippi courts are guided by federal caselaw on the analogous claims under the Securities Exchange Act. *Harrington v. Office Of Miss. Sec'y of State*, 129 So.3d 153, 159 (Miss. 2013). Because the Court has concluded that the 10b-5 and § 20(a) claims, the federal counterparts to the state securities claims, are due to be dismissed, it also finds that the claims under the Mississippi Securities Act should also be **dismissed with prejudice**. Intrepid and Simmons' Motion to Dismiss [43] will therefore be **granted** as to these claims.

### 5.        Breach of Fiduciary Duty Claim

Plaintiffs claim that "[t]he misapplication of the West Lake Boeuf Louisiana prospect funds of $929,431 by Bill Simmons and Intrepid constitutes a breach of fiduciary duty." Intrepid and Simmons claim that, because this was a arm's-length business transaction, they had no fiduciary duty to Plaintiffs. "The burden of establishing the existence of a fiduciary relationship is upon the party asserting it." *Mullins v. Ratcliff*, 515 So.2d 1183, 1190 (Miss. 1987) (citations omitted). "A fiduciary relationship may arise in a legal, moral, domestic, or personal context, where there appears n the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed." *Burgess v. Bankplus*, 830 So.2d 1223, 1227 (Miss. 2002) (internal quotations and citations omitted). There is no fiduciary relationship "where the parties were involved in little more than an arm's-length business transaction." *Robley v. Blue Cross/Blue Shield of Miss.*, 935 So.2d 990, 995 (Miss. 2006). Plaintiffs have offered no arguments against Intrepid and Simmons' assertion that the transaction in question was no more than an arm's-length business transaction, and have not shown the Court that a fiduciary relationship between the parties is recognized by law. In fact, most of the allegations in the Amended Complaint [33] under this claim specifically refer to Hanemann and Kean Miller, *not* Intrepid or Simmons. The only allegation made against Intrepid

and Simmons is that they "took fiduciary funds," without any explanation as what the alleged fiduciary relationship between them was.  Because Plaintiffs have not shown that there was a fiduciary duty owed to them by Intrepid and Simmons, the Court will **grant** the motion with regards to this claim, and the breach of fiduciary duty claim will be **dismissed with prejudice**.

### 6.    Fraud Claims

"In Mississippi, a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted.  This duty generally arises only where there is a fiduciary relationship between parties." *Taylor v. S. Farm Bureau Cas. Co.*, 954 So.2d 1045, 1049 (Miss. Ct. App. 2007) (citations omitted).  As the Court has already determined that a fiduciary relationship between Plaintiffs and Intrepid and Simmons has not been sufficiently pleaded, this claim will also be **dismissed with prejudice**.

### 7.    Conversion Claim

"To make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Smith v. Franklin Custodian Funds, Inc.*, 726 So.2d 144, 149 (Miss. 1998) (citations omitted).  Plaintiffs have alleged that Intrepid and Simmons wrongfully retained possession of the $929,431 for the Lake Boeuf Prospect after demand, and intentionally misapplied those funds towards an unauthorized use.  (Amended Complaint [33] pp. 24-26 ¶¶ 130-37.)  These allegations are sufficient to establish a claim of conversion, and Intrepid and Simmons' motion will be **denied** as to this claim.

### 8.    Negligent Misrepresentation Claim

To establish a prima facie case of negligent misrepresentation, Plaintiffs must show (1) a misrepresentation or omission of a fact; (2) that the representation or omission

9

is material or significant; (3) that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the plaintiff reasonably relied on the defendant's representations; and (5) that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance.

*Skrmetta v. Bayview Yacht Club, Inc.*, 806 So.2d 1120, 1124 (Miss. 2002) (quoting *Spragins v. Sunburst Bank*, 605 So.2d 777, 780 (Miss. 1992)). Intrepid and Simmons argue that this claim fails for the same reason the fraud claims fail. Plaintiffs' fraud claims fail, though, because a fraudulent omission under Mississippi law requires a fiduciary relationship. *See Taylor*, 954 So.2d at 1049. Intrepid and Simmons do not put forth any legal authority, though, to establish that a fiduciary relationship is required for an omission to be a negligent misrepresentation. Their argument against this claim therefore has no merit, and the Motion to Dismiss [43] will be **denied** with respect to it.

### 9.    Conspiracy Claim

Under Mississippi law, a claim of civil conspiracy has four elements: "(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result." *Bradley v. Kelley Bros., Contractors, Inc.*, 117 So.3d 331, 338 (Miss. Ct. App. 2013) (citations omitted). A claim for civil conspiracy must be based on an underlying tort. *Wess v. Shelter General Ins. Co.*, 217 F.Supp.2d 744, 755 (S.D. Miss. 2002). Plaintiffs allege that "Defendants combined to accomplish the unlawful act to defraud, convert, dispossess, and/or convert funds from Plaintiffs." (Amended Complaint [33] at p. 49 ¶ 268.) Of the listed underlying torts, only Plaintiffs' claim of conversion has survived. Plaintiffs can go forward on this claim, then, if they have alleged sufficient facts to support the theory that Defendants conspired together to convert their funds.

Intrepid and Simmons argue that Plaintiffs "appear to allege a conspiracy to defraud by

omission, or under some clandestine cabal with the Attorney Defendants in which Mr. Simmons convinced them to breach professional duties to the Plaintiffs." (Memo. in Support [48] at p. 28.) Plaintiffs state that "the West Lake Boeuf Louisiana prospect was positively and tortiously converted by Simmons and Intrepid, who were aided and abetted by Defendants Kean Miller and Stephen Hanemann." (Amended Complaint [33] at p. 50 ¶ 274.) At no point do Intrepid and Simmons argue that Plaintiffs have not sufficiently pleaded that they conspired to convert funds from the Lake Boeuf Prospect. With no such argument before the Court, the Motion to Dismiss [43] will be **denied** as to Plaintiffs' conspiracy claim.

For the above reasons, then, Intrepid and Simmons' Motion to Dismiss [43] will be **granted in part** and **denied in part**. It is **granted** in that the following claims are **dismissed with prejudice**: the 10b-5 claim, the § 20(a) control liability claim, the Mississippi Securities Act claim, the control liability claim under the Mississippi Securities Act, breach of fiduciary duty claim, and the fraud claims. It is **denied** in that the failure to register claim, the conversion claim, the conspiracy claim, and the negligent misrepresentation claim remain pending.

### C.     Hanemann and Kean Miller's Motion to Dismiss for Lack of Personal Jurisdiction [39]

Hanemann and Kean Miller bring a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Under Rule 12(b)(2), "[t]he plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 68 (5th Cir. 1994).

"[W]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for national service of process, the relevant inquiry is

whether the defendant has had minimum contacts with the United States."[3]  *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) (citations omitted).  The Securities Exchange Act provides for such service of process.  15 U.S.C. § 78aa(a).  Hanemann and Kean Miller have conceded that dismissal on jurisdictional grounds is not warranted if Plaintiffs' 10b-5 claim is not dismissed.  (Rebuttal [57] pp. 6-7.)  Though not addressed in Hanemann and Kean Miller's motion, the Court finds that the 10b-5 claim against them shares the same loss causation defect as the claim against Intrepid and Simmons.  *See supra* II.B.1.  Therefore, if Plaintiffs can not establish the Court's authority to exercise personal jurisdiction over their remaining claims, dismissal may be warranted.

For Plaintiffs' non-federal claims, "the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry."  *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984).  First, the Court must determine whether the laws of the Mississippi authorizes the assertion of personal jurisdiction over Defendants.  *Id.*  If personal jurisdiction is authorized under Mississippi law, the Court then must ensure that assertion of personal jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment.  *Id.*

A non-resident plaintiff may only hail a non-resident defendant into Mississippi court if the non-resident defendant "commits a tort in whole or in part in Mississippi."  *Walker v. World Ins. Co.*, 289 F.Supp.2d 786, 788 (S.D. Miss. 2003); *see also* MISS. CODE ANN. § 13-3-57.  Plaintiffs argue that their claim of civil conspiracy "undoubtedly" occurred in part in Mississippi, as Hanemann and Kean Miller must have communicated with Intrepid and Simmons, the Mississippi

---

[3]Hanemann and Kean Miller attempt to argue that *Busch* is bad law because the Fifth Circuit, in subsequent decisions, have criticized the decision in dicta.  However, the Fifth Circuit, in recognizing that it has criticized *Busch* in the past, nonetheless have held that it is to be "dutifully appl[ied]."  *Luallen v. Higgs*, 277 F.App'x 402, 405 (5th Cir. 2008).

defendants and Hanemann and Kean Miller's clients, in some way as part of the conspiracy. (Plaintiffs' Memo. [54] at p. 8.)  They argue that "[a]ny one of these [communications] could be part of the agreement required" to state a claim for civil conspiracy.  (*Id.*)  Plaintiffs have not, however, pleaded any such allegations in their Amended Complaint [33].  Because they have not met their burden in establishing any contact by Hanemann and Kean Miller with the state of Mississippi, the Court does not find that Mississippi law authorizes the exercise of personal jurisdiction over them.

Even if the Court did find that personal jurisdiction was authorized under Mississippi law, the standard under the Due Process Clause is still not met.  In order for a federal court to exercise personal jurisdiction over a nonresident in compliance with the Due Process Clause of the Fourteenth Amendment, it must find that 1) "the defendant purposefully established 'minimum contacts' with the forum state" and 2) "entertainment of the suit against the nonresident would not offend 'traditional notions of fair play and substantial justice.'"  *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990) (citing *Asahi Metal Indus. Co. v. Superior Court*, 280 U.S. 102, 105, 107 S. Ct. 1026, 1029, 94 L. Ed. 2d 92(1987)).  Furthermore, "[a] plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."[4] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006).

Even if the communications in regards to the conspiracy claim did occur and were sufficient to establish specific jurisdiction over that claim, those contacts with Mississippi only go towards the civil conspiracy claim, not the other claims pending before the Court.  Therefore, they cannot establish the Court's jurisdiction over the entire case.

Furthermore, communications with the forum state are not sufficient to establish minimum

---

[4]Plaintiffs do not appear at any point to argue the Court has general jurisdiction over Hanemann and Kean Miller.

contacts unless "the actual content of communications with a forum gives rise to intentional tort causes of action." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999).  In their Amended Complaint [33], Plaintiffs make no allegations that these communications existed or that they gave rise to the conspiracy claim.  In fact, Plaintiffs argue only that they *could* have existed given the attorney-client relationship between the attorney defendants and the Mississippi defendants, and that they *could* have been a part of the alleged conspiracy.  (Plaintiffs' Memo. [54] at p. 8.)  The Fifth Circuit has held that "[t]he bare existence of an attorney-client relationship is not sufficient" to satisfy the minimum contacts test. *Trinity Indus., Inc. v. Myers & Assoc., Ltd.*, 41 F.3d 229, 230 (5th Cir. 1995).

Because these alleged communications are not pleaded in Plaintiffs' Amended Complaint [33] and because there are no allegations in the complaint that the content of any communications between the defendants gave rise to the conspiracy claim, the Court must find that Plaintiffs have not met their burden in establishing personal jurisdiction.  Even if Plaintiffs could establish the Court's specific jurisdiction over the civil conspiracy claim, they have not shown that there are minimum contacts sufficient to establish the Court's jurisdiction over the other state law claims.

The Court therefore finds that it does not have the authority under Mississippi law or the Due Process Clause to exercise personal jurisdiction over Hanemann and Kean Miller for their state law claims.  The Court's jurisdiction over Hanemann and Kean Miller in this action then rests on the viability of the 10b-5 claim against them.[5]  As stated above, the Court does not believe this claim has any viability based on its analysis of the same claim against Intrepid and Simmons.  However,

---

[5]Hanemann and Kean Miller have waived any argument that specific jurisdiction may not be authorized for the state law claims regardless of the merits of the 10b-5 claim by acknowledging that "[a]s long as the Court does not dismiss the securities law claims, there is no question of jurisdiction and any further analysis is moot."  (Rebuttal [57] pp. 6-7) (alteration in original).

because Hanemann and Kean Miller did not raise the loss causation issue in their motion, Plaintiffs have not had an opportunity to address the issue as it pertains to the attorney defendants.  When an issue of personal jurisdiction is raised *sua sponte*, the Court must afford the plaintiff "a reasonable opportunity to present any available evidence supporting the court's jurisdiction."  *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).  The Court will consequently give Plaintiffs **two (2) weeks** from the date of this order to **show cause** as to the issue of loss causation.  Hanemann and Kean Miller are afforded **one (1) week** after Plaintiffs' response to submit any reply they may have.  Ruling on the Motion to Dismiss for Lack of Personal Jurisdiction [39] shall be **deferred** until parties have made their submissions.  If the Court finds that Plaintiffs cannot establish loss causation for their 10b-5 claim, then this action shall be **dismissed without prejudice** as to Hanemann and Kean Miller.

The Court will also **defer** ruling on Hanemann and Kean Miller's Motion to Dismiss for Failure to State a Claim [41] until the jurisdictional issue is resolved.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Hanemann and Kean Miller's Motion to Dismiss for Lack of Personal Jurisdiction [39] is **deferred** pending parties' responses to this order.  Plaintiffs are given **two (2) weeks** from the date of this order to **show cause** as to the issue of loss causation.  Hanemann and Kean Miller are afforded **one (1) week** after Plaintiffs' response to submit any reply they may have.

IT IS FURTHER ORDERED AND ADJUDGED that Hanemann and Kean Miller's Motion to Dismiss for Failure to State a Claim [41] is **deferred** pending resolution of the jurisdictional issue.

IT IS FURTHER ORDERED AND ADJUDGED that Intrepid and Simmons' Motion to

Dismiss [43] will be **granted in part** and **denied in part**.

It is **granted** in that the following claims are **dismissed with prejudice**:  the 10b-5 claim, the § 20(a) control liability claim, the Mississippi Securities Act claim, the control liability claim under the Mississippi Securities Act, breach of fiduciary duty claim, and the fraud claims.

It is **denied** in that the following claims remain pending:  the failure to register claim, the conversion claim,  the conspiracy claim, and the negligent misrepresentation claim.

SO ORDERED AND ADJUDGED this the 21st day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE