IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CEH ENERGY, LLC, *et al.*                                              PLAINTIFFS

V.                                          CIVIL ACTION NO. 2:15-CV-154-KS-MTP

INTREPID DRILLING, LLC, *et al.*                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiffs' Motion to Reconsider [62] its previous ruling. The Court **grants** Defendant Stephen Hanemann and Kean Miller LLP's Motion to Dismiss [39] for lack of personal jurisdiction and **denies** their Motion to Dismiss [41] for failure to state a claim **as moot**.

I. BACKGROUND

The Court discussed the background of this case in its previous order. *See CEH Energy, LLC v. Intrepid Drilling, LLC*, No. 2:15-CV-154-KS-MTP, 2016 U.S. Dist. LEXIS 80531, at *2-*4 (S.D. Miss. June 21, 2016). It granted in part and denied in part the Motion to Dismiss [43] filed by Defendants Intrepid Drilling, LLC and William E. Simmons, III. Specifically, the Court granted the motion as to the following claims: securities fraud under 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 (the "10-b5 claim"), control liability under 15 U.S.C. § 78t(a), claims under the Mississippi Securities Act, breach of fiduciary duty, and fraud. The Court denied the motion as to Plaintiffs' claims of conversion, conspiracy, negligent misrepresentation, and failure to register in violation of U.S.C. § 77e(a), (c).

The Court deferred consideration of the Motion to Dismiss [39] for lack of

personal jurisdiction filed by Defendants Stephen Hanemann and Kean Miller, LLP pending Plaintiff's response to the Court's order to show cause why the 10b-5 claims against Hanemann and Kean Miller should not be dismissed on the same basis as those asserted against Intrepid and Simmons. The Court deferred consideration of Hanemann and Kean Miller's Motion to Dismiss [41] for failure to state a claim until it had addressed their jurisdictional motion. Plaintiffs filed a Motion to Reconsider [62] the Court's ruling.

## II. MOTION TO RECONSIDER [62]

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Plaintiff's motion was filed twenty-eight days after the Court's previous order, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are

"not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

To state a 10b-5 claim, a plaintiff must allege facts sufficient to establish the following elements: (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase and sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the economic loss. *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 681 (5th Cir. 2015); *see also Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). Therefore, to establish a 10b-5 claim, "a plaintiff must prove both 'transaction causation' and 'loss causation.'" *Robbins v. Koger Props.*, 116 F.3d 1441, 1447 (11th Cir. 1997).

"Transaction causation, another way of describing reliance, is established when the misrepresentations or omissions cause the plaintiff to engage in the transaction in question." *Id*. However, to prove loss causation, "a plaintiff must show that the untruth was in some reasonably direct, or proximate, way responsible for his loss." *Id*. (quoting *Huddleston v. Herman & MacLean*, 640 F.2d 534, 549 (5th Cir. Unit A 1981), *aff'd in*

3

*part, rev'd in part on other grounds*, 459 U.S. 375, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983)); *see also Ludlow*, 800 F.3d at 681 (describing difference between transaction causation and loss causation). Therefore, "[i]f the investment decision is induced by misstatements or omissions that are material and that were relied on by the claimant, but are not the proximate reason for his pecuniary loss, recovery under the Rule is not permitted." *Robbins*, 116 F.3d at 1447 (citing *Huddleston*, 640 F.2d at 549).

Plaintiffs argue that the Court erred in its finding that they had failed to allege sufficient facts to establish loss causation. Specifically, Plaintiffs argue that their allegation that they would not have purchased the oil interests but for Defendants' material omissions is sufficient to satisfy the loss causation requirement in a case involving a privately-held corporation.

In their Amended Complaint, Plaintiffs made conclusory allegations that Defendants' actions and omissions caused their loss. *See, e.g.* Amended Complaint at 8, *CEH Energy, LLC v. Intrepid Drilling, LLC*, No. 2:15-CV-154-KS-MTP (S.D. Miss. Mar. 3, 2016), ECF No. 33. As for specific factual allegations, they alleged that the "West Lake Boeuf prospect was never drilled." *Id.* at 13. They also alleged that Defendants claimed that the South Lake Charles Louisiana prospect "was drilled, completed, but failed to produce because of a 'well event,'" but that the records of the Louisiana Office of Conservation indicate that no drilling ever occurred. *Id.* Later in the pleading, Plaintiffs alleged that Simmons and Intrepid "knowingly or recklessly misapplied" the money Plaintiffs had wired to them, and that "[t]here is no evidence that Intrepid every transferred title to the working interests for the Louisiana Oil

4

Prospects . . . ." *Id.* at 20-21.

The case law cited above clearly illustrates the difference between transaction causation and loss causation. Plaintiffs must allege sufficient facts to demonstrate "not only that, had [they] known the truth, [they] would not have acted, but in addition that the untruth was in some reasonably direct, or proximate, way responsible for [their] loss. The causation requirement is satisfied in a Rule 10b-5 case only if the misrepresentation touches upon the reasons for the investment's decline in value." *Huddleston*, 640 F.2d at 549. In cases involving privately held companies, "plaintiffs more commonly prove loss by showing that . . . the revelation of the truth is directly related to the economic loss alleged." *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1054 (9th Cir. 2011).

Here, Plaintiffs did not allege any facts indicating that Defendants' alleged omissions of material fact caused the interests to decline in value, caused the alleged "well event" at the South Lake Charles prospect, or caused the West Lake Boeuf prospect to never be drilled. In fact, they alleged no facts concerning the value of the prospects beyond their purchase price. Likewise, they alleged no facts indicating that the material omissions caused Defendants to "knowingly or recklessly misappl[y]" their money. This appears to be a case of simple conversion or fraud, rather than securities fraud, and numerous courts have indicated that such cases are not actionable under Rule 10b-5. *See, e.g. SEC v. Zandford*, 535 U.S. 813, 820, 122 S. Ct. 1899, 153 L. Ed. 2d 1 (2002) (every common-law fraud not actionable under 10b-5, such as where a lawful transaction occurs and broker later steals proceeds); *Taylor v. Westor Capital*

5

*Group*, 943 F. Supp. 2d 397, 402-03 (S.D.N.Y. 2013); *Grippo v. Perazzo*, 2002 U.S. Dist. LEXIS 28306, at \*20-\*22 (S.D. Fla. Jan. 29, 2002) (federal securities claims not sufficiently pled; case "simply garden-variety fraud or conversion"), *rev'd on other grounds*, 357 F.3d 1218 (11th Cir. 2004); *Coppola v. Applied Elec. Corp.*, 1998 U.S. Dist. LEXIS 14855, at \*8-\*9 (E.D.N.Y. Aug. 3, 1998) (plaintiff did not allege securities fraud, but rather a conversion of property that happened to involve securities).[1]

In summary, the Amended Complaint does not contain sufficient facts to demonstrate that the loss of funds – whether by the oil prospects' decline in value or the Defendants' implied theft – was caused by Defendants' material omissions. Accordingly, the Court denies Plaintiffs' Motion to Reconsider [62].

### III. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [39]

In the Court's previous order, it found that it did not have personal jurisdiction over Defendants Hanemann and Kean Miller with respect to Plaintiffs' state law claims. *Id.* at \*17-\*21. The Court held that Plaintiffs' 10b-5 claims were the only viable route for the Court to exercise personal jurisdiction over them. *Id.* at \*21.[2] But Hanemann and Kean Miller did not raise the issue of loss causation in their motion,

---

[1] The Court distinguishes *Bailey v. Buck*, 543 F. App'x 440 (5th Cir. 2013), cited by Plaintiffs in briefing, for the same reasons provided in its previous opinion. *See CEH Energy*, 2016 U.S. Dist. LEXIS 80531 at \*8-\*9.

[2] The Securities Exchange Act provides for national service of process. 15 U.S.C. § 78aa(a). "[W]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute for national service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).

and the Court granted Plaintiffs an opportunity to show cause why their 10b-5 claims against Hanemann and Kean Miller should not be dismissed for the same reason as those asserted against Intrepid and Simmons. *Id.* at 22. The Court will construe Plaintiffs' Motion to Reconsider [62] as their response, as they failed to file any other timely response.

Plaintiffs did not allege any facts indicating that Defendants Hanemann and Kean Miller's alleged omissions proximately caused Defendants Intrepid and Simmons' alleged misapplication of funds, the "well event" at the South Lake Charles prospect, the failure to drill the West Lake Boeuf prospect, or any other factor in Plaintiffs' loss of funds or investment value. Accordingly, the Court finds that Plaintiffs failed to allege sufficient facts to demonstrate loss causation, and their 10b-5 claim against Defendants Hanemann and Kean Miller fails.

Therefore, as stated in the Court's previous order, a viable 10b-5 claim is Plaintiff's only viable route to personal jurisdiction over Defendants Hanemann and Kean Miller. As Plaintiffs failed to allege sufficient facts to state a 10b-5 claim against Hanemann and Kean Miller, the Court finds that it does not have personal jurisdiction over them and grants their Motion to Dismiss [39] for lack of personal jurisdiction.

### IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [41]

The Court denies Defendant Hanemann and Kean Miller's Motion to Dismiss [41] for failure to state a claim as moot.

### V. CONCLUSION

For the reasons above, the Court **denies** Plaintiffs' Motion to Reconsider [62]

its previous ruling. The Court **grants** Defendant Stephen Hanemann and Kean Miller LLP's Motion to Dismiss [39] for lack of personal jurisdiction and **denies** their Motion to Dismiss [41] for failure to state a claim **as moot**.

SO ORDERED AND ADJUDGED, on this, the 31st day of August, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE